HOUSE & HERRMANN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 14090, 30958. Promulgated September 27, 1928.

*Ben Jenkins, Esq.,* for the petitioner.
*Albert S. Lisenby, Esq.,* for the respondent.

## OPINION.

ARUNDELL: The principal question involved is the amount of petitioner's invested capital for the years 1917, 1920, and 1921. The only difference between the parties on this issue is the value to be attributed to the good will acquired for stock at the time petitioner purchased the business of J. P. Herrmann. Petitioner is claiming a valuation for the good will at the time paid in of $38,948.98. We have not been furnished with the basis for this valuation, but we observe from statements and bookkeeping entries of record that the amount is the difference between the book value of the assets transferred, less accounts and bills payable, and the par value of the stock issued in exchange for the property. Not having been informed to the contrary, we assume the value of the good will was arrived at by this arbitrary method.

As a consequence of the fact that the personal transactions of Herrmann were recorded on the books of his furniture business without segregation, the Commissioner experienced some difficulty in determining the profits of the firm. The petitioner has proven that many of the items which the Commissioner treated as business expenses were, in fact, expenditures of the individual, with the result that we have found the average yearly earnings of the business during the seven-year period prior to 1914 to be $17,059.13, instead of an average yearly profit of $3,399.37 for the years 1909 to 1913, inclusive, determined by the Commissioner. The latter amount being less than an 8 per cent return on the firm's investment, the Commissioner declined to allow any value for good will.

No uniform rule has been laid down for determining the value of good will. The proper value is a question of fact to be decided in the light of all the facts and circumstances of the case including the reputation of the business for honest and fair dealing, its location and the length of time it has been situated there, and its earnings. House & Herrmann was established in 1885, and maintained its business at the present address of the petitioner or in a store in the same block. The two witnesses presented by the petitioner to give their opinion on the cash value of the good will, testified that the firm had an excellent business reputation, that it was equal or superior to the average furniture store in the city, and that it spent from $8,000 to $10,000 every year in advertising, of which a considerable amount was expended in building up trade under the slogan " When in doubt, buy at House and Herrmann's." Both of these witnesses either owned or were closely identified with competitive businesses. The witness who qualified to express an opinion as to the value of the

firm's good will at the time the petitioner acquired it for stock, testified that it was worth ·$50,000. The witness failed to show sufficient knowledge of the business to entitle the opinion to any· great weight.

The profits of the petitioner, for the years 1914, 1915, and 1916, averaged $17,242.95 after deducting an annual salary of $10,000 paid to its owner. Whether the increase in earnings was due to better management, a larger investment, or some other reason is not shown by the evidence.

From all the evidence we are of the opinion that the good will paid in to the petitioner for stock had a cash value at that time of $15,000.

The respondent, at the hearing, moved to dismiss the petition in so far as it relates to the year 1917, on the ground that the Board had no jurisdiction as the statutory period for assessment and collection of the deficiency had expired prior to the mailing of the notice of deficiency. This motion was denied. In connection with the motion respondent was granted leave to amend his answer so as to allege the facts relating to the running of the statute of limitations, and thereafter introduced evidence in support of his allegations.

We are clearly of the opinion that, even if we found that the statute of limitations had run, that fact would not deprive us of jurisdiction, it being within our power to determine whether taxes are barred, and in order to make that determination we must have jurisdiction. Under our decision on the merits of this case the deficiency determined by the respondent for 1917 will·be eliminated on recomputation, and there is therefore no necessity for discussing the matter of the statute of limitation.

*Judgment will be entered under Rule 50.*